JOHN A. WAKEFIELD V. PETER CONNOR ET AL.,
   IMPLEADED WITH LOUIS SCHROEDER, APPEL-
   LANT, AND BATES, SMITH & CO., APPELLEE.

FILED FEBRUARY 18, 1896.   No. 6077.

**Review:** CONFLICTING EVIDENCE: MECHANICS' LIENS. There
   is presented in this case only a question of fact which the
   district court determined upon conflicting evidence. Its
   judgment is therefore affirmed.

APPEAL from the district court of Douglas
county.   Heard below before HOPEWELL, J.

*Edward W. Simeral,* for appellant.

*Meikle & Perley, contra.*

RYAN, C.

This action was brought by John A. Wakefield
in the district court of Douglas county on March
24, 1890, for the foreclosure of a mechanic's lien
on lots 21, 23, 25, 27, and 29, block 4, in Campbell's
Addition to the city of Omaha.   On March 18,
1892, this lien was paid by a party representing
Mr. Schroeder, one of the defendants.   A decree
was entered October 20, 1892, in which there was
determined in favor of Bates, Smith & Co. against
Louis Schroeder the sole matter of controversy
then in issue.   In his answer to the petition of
John A. Wakefield, and by way of an affirmative
cause of action against the firm of Bates, Smith &
Co., his co-defendant, Louis Schroeder, alleged
that previous to December 13, 1889, he had been
the owner of the lots against which the mechanic's
lien was claimed by Wakefield; that about De-

cember 13, 1889, he conveyed said real property to
his co-defendant, Michael Donnelly, for the consid-
eration of $16,500; that at the time said deed was
executed Bates, Smith & Co. verbally agreed that,
in consideration of said Schroeder waiving his
right to the first mortgage and taking a second
mortgage to secure payment of the above $10,500,
the said firm of Bates, Smith & Co. would lend
said Donnelly the sum of $16,800, for the sole and
only purpose of erecting and completing buildings
on the aforesaid lots, taking, to secure payment
of said sum of $16,800, a first mortgage on
the property. It was further alleged by Louis
Schroeder that Bates, Smith & Co. further cove-
nanted and agreed with him to hold and use all of
the said first mortgage loan of $16,800 in making
payments for the erection of said buildings, and
that Bates, Smith & Co. covenanted to and did
become trustees of that fund for said purpose, the
said Donnelly assenting and agreeing thereto. In
reliance upon said covenants and agreements
of said Bates, Smith & Co. the said Schroeder
averred that he was induced to and did accept
Donnelly's second mortgage for the purchase
price of the lots sold to him, and that, notwith-
standing the said covenants and agreements, said
firm had wrongfully and fraudulently withheld
out of the said $16,800 the sum of $9,000, and had
diverted said last named sum to its own use.
Louis Schroeder further alleged that on May 1,
1890, the contractor, who had undertaken for Don-
nelly the erection of eight buildings on the above
described lots, ceased work because he could not
get his pay from Donnelly, who was utterly insol-
vent, or from the firm of Bates, Smith & Co., and
that said Schroeder, to preserve his security and

save said buildings from destruction, was compelled to and did, at his own expense, complete said buildings; that in completing said buildings he had paid $7,632.75, exclusive of the claim of Wakefield (of $1,792.57); and that, if all the money in the hands of Bates, Smith & Co. had been rightly and justly used in the erection of said buildings, defendant Schroeder would not have been compelled to pay said sum, or any other amount, for said buildings could have been erected and completed for said sum of $16,800, the amount of Bates, Smith & Co.'s mortgage. It was further averred that Bates, Smith & Co. had transferred the aforesaid first mortgage to innocent purchasers. The prayer of Louis Schroeder was as follows: "Wherefore defendant prays that an accounting may be had of the amount of money paid by said Bates, Smith & Co. in the erection of said buildings, and that said defendant be decreed to pay to said Schroeder so much of said $16,800 as was in fact not paid out in the improvement of said property, as said Bates, Smith & Co. agreed to do, and for such other and further relief as in equity and justice he may be entitled to." In the reply of Bates, Smith & Co. there was a denial that such firm had agreed with Schroeder that it would see that the proceeds of the $16,800 loan would be applied to the payment of any particular class of indebtedness of Donnelly, or upon the construction of the buildings to be erected, and there was a further denial that any sum had been improperly paid or withheld by said firm. The judgment of the district court was, upon conflicting evidence, favorable to Bates, Smith & Co., and as there is presented no other question, its judgment is

AFFIRMED.